# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVON PERRY, | |
| Petitioner, | Civil Action No. JFM-16-1117 |
| v | |
| WARDEN, MR. PURDUE | |
| Respondent | |

## MEMORANDUM

This matter is before the court on Davon Perry's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. ECF 1. Perry initially filed this petition in the United States District Court for the Middle District of Pennsylvania on October 14, 2015. On April 14, 2016, that court ordered this case transferred to the District of Maryland, after it determined the matter should be addressed as a second or successive petition under 28 U.S.C. § 2255. ECF 3, 6.

After reviewing the petition the court finds a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2014). For reasons to follow, the petition will be treated as a motion to vacate pursuant to 28 U.S.C. §2255 and dismissed for lack of jurisdiction.

## BACKGROUND

Perry was convicted in 2008 of carjacking and possession of a firearm in furtherance of a crime of violence in the District of Maryland. He was sentenced to 360 months imprisonment. *United States v. Perry*, criminal action JFM-08-165 (D. Md.). He currently is incarcerated at the United States Penitentiary Big Sandy in Kentucky.

Perry's judgment of conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. *See United States v. Perry*, 381 F. App'x. 252, 25-54 (4th Cir. 2010). Perry filed a motion to vacate sentence on August 30, 2011, which was denied on the merits on

January 12, 2012. *Perry v. United States*, Civil Action No. JFM-11-2442 (D. Md.). The United States Court of Appeals for the Fourth Circuit remanded the matter for consideration whether a certificate of appealability should issue, and a certificate of appealability was denied on February 8, 2012. The Fourth Circuit dismissed Perry's appeal of the decision denying his motion to vacate and also denied a certificate of appealability on June 19, 2012.

On March 7, 2016, the Federal Public Defender for the District of Maryland filed a motion indicating that Perry may be eligible for relief under 28 U.S.C. § 2255 in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and requested this court appoint the Office of the Federal Public Defender to represent him. *United States v. Perry*, Criminal Action No. JFM-08-165 (D. Md.), ECF 89. The motion is under review in the criminal case.

## DISCUSSION

In the instant petition, Perry maintains he is actually innocent of the offenses for which he was convicted. (ECF 1). A motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 is typically the exclusive remedy for testing the validity of federal judgments and sentences. 28 U.S.C. §2255(a); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through §2255) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Attacks on the execution of a sentence are properly raised in a §2241 petition. *Id.* at n. 5. "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. §2241(a); 28 U.S.C. §2255(a).

A federal prisoner may not challenge his conviction and sentence under 28 U.S.C. § 2241 unless 28 U.S.C. § 2255(e) applies. *See United States v. Surratt*, 797 F. 3d 240, 247 (4th Cir. 2015). Specifically, a federal prisoner may not collaterally attack a conviction or sentence in a §2241 petition unless the remedy available is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). This provision, often referred to as the "savings clause," does not trigger "merely ... because an individual is procedurally barred from filing a Section 2255 motion[.]" *In re Vial*, 115 F.3d at 1194. A petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001).

The United States Court of Appeals for the Fourth Circuit has held that §2255 is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34. Perry, however does not address, much less satisfy, the elements of the *Jones* test. In sum, because he is challenging his judgment of conviction and fails to demonstrate the remedy under §2255 is unavailable or inadequate, he may not seek federal habeas relief under §2241.

Instead, this petition is properly treated as a second or successive petition pursuant to 28 U.S.C. §2255. Before this court may consider a second or successive petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing consideration of the application. *See* 28 U.S.C. §2244(b)(3)(A) and 2255. Perry provides no evidence that he has

3

obtained such authorization. Therefore, this petition for federal habeas corpus relief must be dismissed pursuant to 28 U.S.C. §2244(b)(3). Perry will be sent a forms and information packet for requesting pre-filing authorization from the United States Court of Appeals for the Fourth Circuit.

A certificate of appealability may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 3553(c), and the petition does not meet this standard. Accordingly, the court declines to issue a certificate of appealability.

## CONCLUSION

For these reasons, the petition will be dismissed without prejudice and no certificate of appealability shall issue. A separate order follows this memorandum.

_____
Date

_____
J. Frederick Motz
United States District Judge